UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE WORNICK COMPANY, ,   CIVIL ACTION NO.
                                                    11-CV-03008 (FB)(CLP)
        Plaintiff,

  -against-    **ANSWER TO THIRD-PARTY COMPLAINT COUNTS IV AND V; AFFIRMATIVE DEFENSES; AND JURY DEMAND**

TRANS-PACKERS SERVICES CORPORATION,

        Defendant.
-------------------------------------------------------------------X
TRANS-PACKERS SERVICES CORP.,

        Third-Party Plaintiff,

  - against --

FRANKLIN FARMS EAST, INC.,

        Third-Party Defendant.
-------------------------------------------------------------------X

Third-Party Defendant, FRANKLIN FARMS EAST, INC., hereinafter referred to as "FRANKLIN", by its attorney, ROBERT G. DEL GROSSO, ESQ., as and for its Answer to the Third-Party Complaint of TRANS-PACKERS SERVICES CORP., hereinafter referred to as "TRANS-PACKERS", Counts IV and V, alleges, upon information and belief, as follows:

## PARTIES

1. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations contained in the paragraph numbered "1" of the Third-Party Complaint.

2. Admits those allegations contained in the paragraph numbered "2" of the Third-Party Complaint.

## JURISDICTION AND VENUE

3. Admits those allegations contained in paragraphs numbered "3", "4" and "5" of

the Third-Party Complaint.

## FACTS

4. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations contained in paragraphs numbered "7", "11", "12", "15", "17", "18", "19", "20", "21", "22", "23", "24", "26", "27", "28", and "29" of the Third-Party Complaint.

5. Admits those allegations contained in paragraphs numbered "6", "13", "14", "15", and "16" of the Third-Party Complaint.

6. Denies those allegations contained in paragraphs numbered "8", "9", "10", "25", "30", "31", and "32" of the Third-Party Complaint.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

7. Repeats and realleges in Answer to the paragraph numbered "51" of the Third-Party Complaint as set forth in Answer to those paragraphs numbered "1" through "32" inclusive with the same force and effect as if more fully set forth at length herein.

8. The allegations contained in the paragraphs numbered "52", "53", and "54 of the Third-Party Complaint constitute a legal conclusion for which no response is required. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and leaves TRANS-PACKERS to its proofs.

9. Denies those allegations contained in those paragraphs numbered "55", "56", and "57" of the Third-Party Complaint.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE BY FRANKLIN

10. Repeats and realleges in Answer to the paragraph numbered "58" of the Third-Party Complaint as set forth in Answer to those paragraphs numbered "1" through "32", and "51"

through "57 inclusive with the same force and effect as if more fully set forth at length herein.

11. Admits those allegations contained in paragraphs numbered "59" and "60" of the Third-Party Complaint.

12. The allegations contained in the paragraph numbered "61" of the Third-Party Complaint constitute a legal conclusion for which no response is required. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and leaves TRANS-PACKERS to its proofs.

13. Denies those allegations contained in those paragraphs numbered "62", "63", and "64" of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

14. The Third-Party Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

15. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

16. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

17. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

18. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

19. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of offset.

### SEVENTH AFFIRMATIVE DEFENSE

20. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of Third-Party Plaintiff's ratification, adoption, authorization and/or acquiescence in the actions and/or omissions complained of.

### EIGHTH AFFIRMATIVE DEFENSE

21. The causes of action and/or relief sought should be barred and/or precluded by virtue that Third-Party Defendant's conduct was reasonable and made in good faith, and was not made in bad faith or in willful violation of any governing law.

### NINTH AFFIRMATIVE DEFENSE

22. Plaintiff's claim against this Defendant must be dismissed for failure to comply with the applicable statute of limitations or repose.

### TENTH AFFIRMATIVE DEFENSE

23. The causes of action and/or relief sought should be barred and/or precluded because Third-Party Plaintiff has not suffered any compensable losses.

### ELEVENTH AFFIRMATIVE DEFENSE

24. Third-Party Plaintiff's claim must be dismissed because it suffered no damages as a result of any action or inaction by this Third-Party Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

25. Third-Party Plaintiffs are not entitled to an award of counsel fees and costs.

### THIRTEENTH AFFIRMATIVE DEFENSE

26. Third-Party Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of this Third-Party Defendant were in any way the proximate cause of the injuries allegedly sustained by Third-Party Plaintiff. Rather, any alleged injuries sustained by Third-Party Plaintiff are as a direct result of other parties, namely Plainview, over which this Third-Party Defendant exercised no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

27. Third-Party Defendant neither knew nor should have known that any actions or inactions with respect to Third-Party Plaintiff were in violation of Third-Party Plaintiff's rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

28. While denying all of the allegations of Third-Party Complaint regarding liability and damages allegedly sustained by Third-Party Plaintiff, to the extent that Third-Party Plaintiff may be able to prove any such damages, they were proximately caused by intervening and/or superseding acts and/or faults of Third-Party Plaintiff and/or third persons, namely Plainview, over whom this Third-Party Defendant had o control and for whose actions this Third-Party Defendant is not liable.

### SIXTEENTH AFFIRMATIVE DEFENSE

29. While denying all of the allegations of Third-Party Complaint regarding liability and damages allegedly sustained by Third-Party Plaintiff, to the extent that Third-Party Plaintiff may be able to prove any such damages, the claims are barred by virtue of Third-Party Plaintiff's conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

30. Third-Party Defendant cannot be liable for any prejudgment or post-judgment interest on any claimed damages not yet incurred by Third-Party Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

31. Defendant deserves the right to seek an award of counsel fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### NINETEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred or limited for failure to mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE

33. The Third-Party Defendant breached no duty owed to the Third-Party Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

34. Any damages claimed by the Third-Party Plaintiff, said damages being specifically denied by this Third-Party Defendant, were caused by the culpable conduct of the Third-Party Plaintiff, including contributory negligence and assumption of the risk, and not by any culpable conduct or negligence on the part of this Third-Party Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

35. Any and all risks, hazards, defects, or dangers alleged were open, obvious, and apparent, natural and inherent and known, or should have been known to the Third-Party Plaintiff, and the Third-Party Plaintiff voluntarily assumed all such risks, hazards, defects, and dangers.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

36. The incident and injuries complained of were caused by the unauthorized, unintended and/or improper use of the products, equipment and/or materials referenced in the

Third-Party Complaint by the Third-Party Plaintiff, other parties, namely Plainview, and/or others over which this Third-Party Defendant exercised no control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

37. Third-Party Defendant had no actual or constructive notice of the acts or occurrences alleged in the Third-Party Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

38. All damages complained of by Third-Party Plaintiff pre-existed the alleged occurrences, said occurrences being specifically denied.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

39. Third-Party Plaintiff is barred from recovery due to the lack of compliance with the terms of any and all express and/or implied warranties.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

40. The comparative fault of Third-Party Plaintiff bars this action and/or diminishes the liability of this Third-Party Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

41. Third-Party Plaintiff is barred from recovery against Third-Party Defendant because there is no direct connection between the alleged misconduct, if any, of this Third-Party Defendant and the alleged damages to Third-Party Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

42. Third-Party Plaintiff's claims are barred due to unavoidable circumstances.

## THIRTIETH AFFIRMATIVE DEFENSE

43. Third-Party Plaintiff's claims under the New Jersey Product Liability Act are barred and subject to dismissal because the only damage sustained by Third-Party Plaintiff was

to the product itself.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

44. Third-Party Defendant reserves the right to supplement these affirmative defenses up to and including the time of trial.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

45. Third-Party Plaintiff's claims must be dismissed against Third-Party Defendant by reason of settlement and/or release.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

46. Third-Party Plaintiff's claims must be dismissed pursuant to FRCP 19.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

47. Third-Party Defendant will rely upon the rights and defenses accorded to it under the terms and provisions of the New Jersey Product Liability Act, N.J.S.A., 2A:58C-1 et seq., which rights and defenses bar Third-Party Plaintiff's Complaint in whole or in part.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

48. Third-Party Defendant did not design or manufacture the NFDM that Third-Party Plaintiff contends was defective and Third-Party Defendant is not legally responsible for any defect in the product described in Third-Party Plaintiff's Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

49. Third-Party Defendant reserves the right to amend this answer to assert additional affirmative defenses as revealed by the completion of ongoing investigation and discovery.

### JURY DEMAND

50. Third-Party Defendant demands a trial by jury.

**WHEREFORE**, Third-Party Defendant demands judgment dismissing the Third-Party Complaint with prejudice, together with costs, disbursements and expenses of this action, and for such other and further relief as to this Court may seem just, proper and equitable.

Dated:   Mineola, New York
         August 26, 2013

                                          Yours etc.

                                          _____
                                          ROBERT G. DEL GROSSO, ESQ.
                                          Attorney for the Third-Party Defendant,
                                          Franklin Farms East, Inc.
                                          114 Old Country Road, Suite 600
                                          Mineola, New York 11501
                                          (516) 294-3554
                                          Fax: (516) 741-0912

TO:    DUANE MORRIS LLP
         By:  Stephen Sussman, Esq.
         Attorneys for Third-Party Plaintiff
         1540 Broadway
         New York, New York 10036
         (212) 692-1084
         Fax: (212) 692-1020
         Email: ssussman@duanemorris.com

         McELROY, DEUTSCH, MULVANEY
         & CARPENTER, LLP
         By:  Michael Marone, Esq.
         Attorneys for Third-Party Defendant
         Franklin Farms East, Inc.
         Wall Street Plaza
         88 Pine Street, 24th Floor
         New York, New York 10005
         (212) 483-9490
         Email: mmarone@mdmc-law.com

         ANDERSON KILL & OLICK, P.C.
         By:  Anna M. Piazza, Esq.
         Attorneys for Plaintiff
         1251 Avenue of the Americas
         New York, New York 10020
         (212) 278-1000
         Fax: (212) 278-1733
         Email: apiazza@andersonkill.com

DINSMORE & SHOHL LLP
By:  Gregory A. Harrison, Esq.
Attorneys for Plaintiff
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 977-8314
Email: greg.Harrison@dinsmore.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

ROSANNE BRUSCINO, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside in Suffolk County, New York. On August 29, 2013, I served a true copy of an ANSWER TO THIRD-PARTY COMPLIANT COUNTS IV AND V; AFFIRMATIVE DEFENSES; AND JURY DEMAND on:

DUANE MORRIS LLP
By: Stephen Sussman, Esq.
Attorneys for Third-Party Plaintiff
1540 Broadway
New York, New York 10036
Email: ssussman@duanemorris.com

ANDERSON KILL & OLICK, P.C.
By: Anna M. Piazza, Esq.
Attorneys for Plaintiff
1251 Avenue of the Americas
New York, New York 10020
Email: apiazza@andersonkill.com

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
By: Michael Marone, Esq.
Attorneys for Third-Party Defendant
Franklin Farms East, Inc.
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005
Email: mmarone@mdmc-law.com

DINSMORE & SHOHL LLP
By: Gregory A. Harrison, Esq.
Attorneys for Plaintiff
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Email: greg.Harrison@dinsmore.com

via email.

_____
ROSANNE BRUSCINO

Sworn to before me this
29th day of August, 2013.

_____
NOTARY PUBLIC

ROBERT G. DELGROSSO
NOTARY PUBLIC, State of New York
No. 5006142
Qualified in Nassau County
Commission Expires Dec. 28, 20__

Civil Action No. 11-CV-03008 (FB) (CLP)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE WORNICK COMPANY,

                Plaintiff,

-against-

TRANS-PACKERS SERVICES CORPORATION,

                Defendant.
-----------------------------------------------------------------------------X
TRANS-PACKERS SERVICES CORP.,

                Third-Party Plaintiff,

- against –

FRANKLIN FARMS EAST, INC.,

                Third-Party Defendant.

## ANSWER TO THIRD-PARTY COMPLAINT COUNTS IV AND V; AFFIRMATIVE DEFENSES; AND JURY DEMAND

**ROBERT G. DEL GROSSO, ESQ.**
Attorney for Third-Party Defendant
114 Old Country Road, Suite 600
Mineola, New York 11501
(516)-294-3554
Fax (516)-741-0912

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated: August 29, 2013        Signature: _____
                                        Print Signer's Name: Robert Del Grosso

Service of a copy of the within is hereby admitted.
DATED:

                                                          _____
                                                       **Attorney (s) for**

PLEASE TAKE NOTICE

{ } NOTICE OF ENTRY        That the within is a (certified) true copy of a
                                          entered in the office of the clerk of the within named
                                          Court on

{ } NOTICE OF
     SETTLEMENT             That an Order of which the within is a true copy will be
                                          presented for settlement to the Hon.
                                          one of the judges of the within named Court, at:

                                          New York, on          at 9:30 a.m.

DATED:

TO: