# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

MICHAEL J. MARONE
CERTIFIED CIVIL TRIAL ATTORNEY
Direct dial: (973) 425-8722
mmarone@mdmc-law.com

January 15, 2014

**VIA ELECTRONIC FILING**

Honorable Cheryl L. Pollak, U.S.M.J.
U.S. COURTHOUSE
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   **Trans-Packers Services Corp. v. Franklin Farms East, Inc.**
            Civil Action No.: 1:11-cv-03008(FB)(CLP)
            MDMC File No.: S0163-2017

Dear Magistrate Judge Pollak:

    We represent Franklin Farms East in the above-captioned matter. The parties appeared at a compliance conference on January 7, 2014, before Your Honor. We brought to Your Honor's attention an issue in dispute as to the proper location for the deposition of Dustin McDulin, Chief Financial Officer of Wornick. Your Honor instructed us to send a letter outlining the issue.

    On December 11, 2013, we served a deposition notice on counsel for Wornick seeking to depose McDulin (Exhibit A). The EBT was scheduled for January 9, 2014, in our New York City office. Wornick refused to produce him in New York incorrectly relying upon R. 45(c)(1)(B) as if McDulin were a non-party subpoenaed witness. That is incorrect. He is a R. 30(b)(6) witness with knowledge of specific information concerning Wornick's alleged damages. Some background is necessary.

    Wornick has stated that after the Plainview Recall, the Government required Wornick to retrieve and rework, at Wornick's sole cost, approximately 700,000 cases of MREs. Wornick did eventually perform the rework at a cost to it of allegedly $2.8 million, which it now seeks as damages in this action. However, an electronic correspondence from Mr. McDulin, dated December 28, 2009, completely contradicts its contention that it is entitled to recover those damages in this action. In his December 28, 2009, correspondence, Mr. McDulin states:

> [The US Government] has <u>demanded we repair and replace the Dairy Shake in approximately 700,000 cases .... The US Government did a bid to fix the cases, and were going to award to Ameriqual, but we worked to stop them and agreed to perform the work as a Customer Service function, while retaining our rights under the contract.</u>

.....

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Cheryl L. Pollak, U.S.M.J.
January 15, 2014
Page 2

> <u>We are working cautiously as they are our largest customer, but we are in no way releasing the US Government from their obligations. The main defense that we have is that the AVI, the US Government regulatory agency that does checks and verifications on the production process, performed significant checks for Salmonella during the normal production process and found **no contamination**.</u> Even though the USDA/FDA found the potential for contamination at Plainview, where the product was originally manufactured, we read the contract with the US Government to clearly state that a recall is reason for non-compliance, unless higher further/testing protocols are called for under the contract, which the Dairy Shake was definitely subject to additional and more stringent testing protocols, in our manufacturing process than that used by the USDA/FDA at Plainview.
>
> ....
>
> <u>We ultimately feel that the US Government has wrongly read the contract and owns the ultimate responsibility of liability for these costs.</u>

(Exhibit B) (emphasis added.)

Wornick's own version of the alleged contamination incident in this single document suggests that Wornick's alleged "damages" were nothing more than a voluntarily incurred cost in order to maintain a client relationship (Wornick..."agreed to perform the work as a Customer Service function..." while denying any legal obligation to do so). Additionally, Wornick states that the Dairy Shake Blends were <u>not</u> contaminated

Counsel for Wornick, by way of correspondence dated December 27, 2013, indicated that pursuant to Federal Rule of Civil Procedure 45(c)(1)(B), Mr. McDulin, who resides in Ohio, is entitled to have his deposition take place "within the state where …[he] resides, is employed, or regularly transacts business in person [.]". Mr. Pudell requested that the deposition take place at Dinsmore & Shohl's Cincinnati, Ohio, office. (Exhibit C).

Wornick's reliance on FRCP 45(c)(1)(B) is misplaced and is not relevant to the issue before the Court. FRCP 45(c)(1)(B) relates to non-party witnesses who are compelled to appear by subpoena. Mr. McDulin was noticed for his deposition as a corporate representative pursuant to FRCP 30(b)(6).

The general presumption is that a plaintiff who chooses to bring suit in a particular forum should be prepared to have its witnesses deposed in that forum. See <u>Stephens v. 1199 SEIU, AFL-CIO</u>, 2011 WL 2940490 (E.D.N.Y., July 19, 2011); <u>Normande v. Grippo</u>, 2002 WL 59427 (S.D.N.Y., January 16, 2002); and Michael C. Silberberg, <u>Civil Practice in the Southern District of New York</u>, §17.11 (2d ed. 2000) ("[T]he deposition of a plaintiff usually may be taken in the Southern District of New York notwithstanding the plaintiff's residence outside the district."). See 8A Wright, Miller & Marcus, <u>Federal Practice and Procedure,</u> §2112 (2d ed. 1994) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.")

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Honorable Cheryl L. Pollak, U.S.M.J.
January 15, 2014
Page 3

In <u>RP Family, Inc. v. Commonwealth Land Title Ins. Co.</u>, 10 CV 1149 DLI CLP, 2011 WL 6020154 (S.D.N.Y., November 30, 2011), Your Honor held that:

> [a] party may overcome this presumption [the location of Plaintiff's deposition to be conducted in the forum] by satisfying a three factor test to determine whether 'peculiar circumstances' have been shown. The three factors to be considered are cost, convenience, and litigation efficiency.  <u>Id.</u> at 2.

The factors to be considered here clearly favor the deposition of Mr. McDulin being conducted in New York. First, Wornick is the plaintiff of this litigation and filed this action in the Eastern District of New York; thus, Wornick should bear any burden of inconvenience presented by the action (i.e. expenses incurred in having Mr. McDulin appear for his EBT in New York). Second, at a minimum, four attorneys who practice and have offices in New York will be in attendance; this number increases to a minimum of six attorneys if the parties from the pending New York Supreme Court matter also attend, as counsel for Wornick has requested. If the deposition is in Ohio, up to six (6) attorneys would have to incur the cost of air travel, hotel, etc.

Clearly, when balancing the cost, convenience, and efficiency of deposing Mr. McDulin in Ohio versus deposing him in New York, the only reasonable conclusion is that the balancing test favors Mr. McDulin appearing in New York for his deposition.

For the above-mentioned reasons, it is respectfully requested that the Court compel Dustin McDulin to be produced for his deposition in New York.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

Michael J. Marone

MJM/jmr
Enclosures
cc:   Steven Sussman, Esquire – Via Email & Regular Mail
      Anna Piazza, Esquire – Via Email & Regular Mail
      Steven Pudell, Esquire – Via Email & Regular Mail
      Christopher D. O'Leary, Esquire – Via Email & Regular Mail
      Robert Del Grosso, Esquire – Via Email & Regular Mail
      Lance J. Kalik, Esquire – Via Email & Regular Mail

# EXHIBIT A

MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490
Attorneys for Third-Party Defendant, Franklin Farms East, Inc.,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WORNICK COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS-PACKERS SERVICES CORPORATION,<br><br>    Defendant.<br><br>TRANS-PACKERS SERVICES CORPORATION,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>FRANKLIN FARMS EAST, INC.,<br><br>    Third-Party Defendant. | Civil Action No.: 1:11-cv-3008 (FB) (CLP)<br><br><br><br><br><br><br><br>**DEPOSITION NOTICE TO<br>PLAINTIFF, THE WORNICK CO.** |

PLEASE TAKE NOTICE that third-party defendant, Franklin Farms East, Inc., demands that the testimony, upon oral examination, of **Dustin McDulin, Chief Financial Officer of The Wornick Company,** be taken before a Notary Public, who is not an attorney, or employee of any attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at McElroy, Deutsch, Mulvaney & Carpenter, located at Wall Street Plaza, 88 Pine Street, 24th Floor, New York, New York, on the **9th** day of **January, 2014,** at **10:00** o'clock in the forenoon of that day with respect to evidence and materials necessary in the defense of this action.

2171534

All of the relevant facts and circumstances in connection with the events prior to, during, and subsequent to the recall of the allegedly defective product at issue.

That the said persons to be examined are required to produce at such examination the following: all books, records, bills, receipts, photographs, contracts and/or documents relevant to the above entitled action.

        MCELROY, DEUTSCH, MULVANEY
        & CARPENTER, LLP
        Attorneys for Third-Party
        Defendant, Franklin Farms East, Inc.,

        By: _____
               John T. Sullivan, Esquire

Dated: December 11, 2013

# EXHIBIT B

| | |
|---|---|
| From: | McDulin, Dustin </O=WORNICKPFD/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=DUSTIN.MCDULIN> |
| Sent: | Wednesday, January 6, 2010 2:14 PM |
| To: | Capone, Michael <Michael.Capone@GT.com> |
| Subject: | FW: MRE Recall |
| Attach: | Wornick_TransPackers- Complaint (6).doc; Plainview Recall Letter 6-23-09.pdf; Trans-Packers-NFDM-Recall-6-26-09.pdf; alfl3109.pdf; alfl3009.pdf; S Sussman letter.pdf; Wornick Meeting Letter.doc; TWC Protest -- DSCP.DOC; ltr m mcandrew 10-8_20091008092551.pdf; Dairy Shakes.pdf; SKMBT_C45009091614170.pdf; Appendix.pdf; Letter.pdf |

Dustin McDulin
Chief Financial Officer
The Wornick Company
dustin.mcdulin@wornick.com
P 513-552-7448
F 513-552-7604
M 513-479-0562

---

**From:** McDulin, Dustin
**Sent:** Monday, December 28, 2009 6:06 PM
**To:** 'Ronquist, Greg'
**Cc:** Donnell, Jean
**Subject:** RE: MRE Recall

Greg,

Thanks, hope your holiday was good as well. I apologize. I meant to send a more formal notification before I left for Christmas. Here is what I have.

I will give a brief synopsis, but include more of the detailed letters and responses so you get a picture from the trail of letters. My synopsis is from memory so please ask for clarification if the letters and my synopsis do not completely match. If you need more clarification please let me know.

The US Government enacted their 'repair and replace' provision of the contract based on the Plainview recall. They have demanded we repair and replace the Dairy Shake in approximately 700,000 cases. The costs to us are between $3.50-$4.50 per case to bring them back to our location, replace the Dairy Shake and send the cases back to the US Government. This puts the total costs at between $2.4MM and $3.2MM. The US Government did a bid to fix the cases, and were going to award to Ameriqual, but we worked to stop them and agreed to perform the work as a Customer Service function, while retaining our rights under the contract. The US Government acknowledges our rights to file a claim, while we dispute this. The reason we wanted to perform the work ourselves is that we felt we could do it cheaper, also having our product worked on by a competitor caused some additional challenges and risk.

We are currently working with Dinsmore and Shohl, our attorney to file a claim with the US Government. We are working on exactly how to file, as we have a few different avenues. We are working cautiously as they are

CONFIDENTIAL

WOR-H013993

WOR-TP008363

our largest customer, but we are in no ways releasing the US Government from their obligations. The main defense that we have is that the AVI, the US Government regulatory agency that does checks and verifications on the production process, performed significant checks for Salmonella during the normal production process and found no contamination. Even though the USDA/FDA found the potential for contamination at Plainview, where the product was originally manufactured, we read the contract with the US Government to clearly state that a recall is a reason for non-compliance, unless higher/further testing protocols are called for under the contract, which the Dairy Shake was definitely subject to additional and more stringent testing protocols, in our manufacturing process, than that used by the USDA/FDA at Plainview. The US Government is reading one clause and ignoring a second clause. Our stance is that the contract must be read in its entirety, not piecemeal.

We initiated a lawsuit against Transpackers, the supplier of the Plainview products to us, last week. The reason for this is that Transpackers had not filed any suits against their suppliers, and as we have no direct claim against Plainview, we felt that Transpackers needed to be prodded to move against their suppliers. We ultimately feel that the US Government has wrongly read the contract and owns the ultimate responsibility of liability for these costs. If we lose against the US Government, we would then go after Transpackers, who should go after Plainview.

Regarding a claim, I spoke to Jon Geisler and we feel that we will continue to pursue both avenues of recovery, and would likely not file any formal claim with our carrier while we work to resolve the outstanding issues with the US Government and Transpackers. Although, I do not know the exact timeframe for resolution with either of these avenues and the longer it goes and the longer we are out cash, our stance could always change. Attached are several letters to and from the US Government, Transpackers, USDA, and our attorney's. All of these letters are extremely confidential and should only be released to our insurance provider under the strictest of confidentiality.

Any issues please let me know.

Dustin McDulin
Chief Financial Officer
The Wornick Company
dustin.mcdulin@wornick.com
P 513-552-7448
F 513-552-7604
M 513-479-0562

**From:** Ronquist, Greg [mailto:Greg.Ronquist@marsh.com]
**Sent:** Monday, December 28, 2009 4:09 PM
**To:** McDulin, Dustin
**Subject:** MRE Recall

Dustin,

Hope the Holidays are treating you well!

Please provide a written update regarding this matter as soon as possible. I have given the adjuster a heads up on the status, but a more formal account of the amount of the loss and the status of the lawsuit with the supplier would be helpful.

Thanks!

Greg Ronquist, Vice President
Marsh | Claims Practice
525 Vine Street, Suite 1600 Cincinnati, OH 45202

CONFIDENTIAL

WOR-H013994

WOR-TP008364

+1 513 287 1668 | Mobile +1 513 290 1162 | Fax +1 513 287 1624 | greg.ronquist@marsh.com
www.marsh.com | Marsh USA

****************************************************************
This e-mail transmission and any attachments that accompany it may
contain information that is privileged, confidential or otherwise
exempt from disclosure under applicable law and is intended solely for
the use of the individual(s) to whom it was intended to be addressed.
If you have received this e-mail by mistake, or you are not the
intended recipient, any disclosure, dissemination, distribution,
copying or other use or retention of this communication or its
substance is prohibited.  If you have received this communication in
error, please immediately reply to the author via e-mail that you
received this message by mistake and also permanently delete the
original and all copies of this e-mail and any attachments from your
computer. Thank you.
****************************************************************

CONFIDENTIAL

WOR-H013995

WOR-TP008365

# EXHIBIT C

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

ONE GATEWAY CENTER, SUITE 1510 ■ NEWARK, NJ 07102
TELEPHONE: 973-642-5858 ■ FAX: 973-621-6361
www.andersonkill.com

Steven J. Pudell, Esq.
SPudell@andersonkill.com
973-642-5877

*By Email*

December 27, 2013

John T. Sullivan, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

Re: *The Wornick Company v. Trans-Packers Services Corporation*, No. 1:11-cv-3008 (FB) (CLP) (EDNY)

Dear Mr. Sullivan:

We are in receipt of Franklin Farms East, Inc.'s notice for the deposition of Dustin McDulin on January 9, 2014 at 10:00 a.m. in your offices at Wall Street Plaza, 88 Pine Street, 24th floor, New York, New York. Please be advised that Mr. McDulin is unable to attend a deposition on that date.

It is our understanding that you would like to depose Mr. McDulin for purposes of both the federal lawsuit and the proceedings pending in New York Supreme Court, Index Nos. 107163/10 and 590580/10. When we make Mr. McDulin available, we will make him available for deposition only once, for use in both cases. For this reason, we suggest that the parties discuss the scheduling of Mr. McDulin's deposition during the January 7, 2014 conference with Magistrate Judge Pollak. Magistrate Judge Pollak can assist us in coordinating Mr. McDulin's deposition with the pending New York Supreme Court action, given that Justice Madden has not yet decided whether the parties will proceed with further discovery or an immediate trial on damages.

Additionally, Mr. McDulin, an officer of The Wornick Company, resides in Ohio. Pursuant to Federal Rule of Civil Procedure 45(c)(1)(B), he is entitled to have his deposition take place "within the state where ... [he] resides, is employed, or regularly transacts business in person[.]" We, therefore, request that, when scheduled, Mr. McDulin's deposition take place at Dinsmore & Shohl, 255 E. Fifth St., Suite 1900, Cincinnati, OH 45202.

New York, NY ■ Ventura, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

njdocs-59749.1

**Anderson Kill P.C.**

John T. Sullivan, Esq.
December 27, 2013
Page 2

Sincerely,

*Steven J. Pudell /jms*

Steven J. Pudell

SJP:jms

CC:  Robert Del Grosso, Esq.
114 Old Country Road, Suite 616
Mineola, NY  11501
rgdesq@yahoo.com

Stephen Sussman, Esq.
Evangelos Michailidis, Esq.
Duane Morris LLP
1540 Broadway
New York, NY  10036-4086
ssussman@duanemorris.com
emichailidis@duanemorris.com

Michael Marone, Esq.
Eric G. Siegel, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue, P.O. Box 2075
Morristown, NJ  07962-2075
mmarone@mdmc-law.com
esiegel@mdmc-law.com