

| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>BOSTON<br>HOUSTON<br>LOS ANGELES<br>HANOI<br>HO CHI MINH CITY<br>ATLANTA | *FIRM and AFFILIATE OFFICES*<br><br>STEPHEN SUSSMAN<br>PERSONAL FAX: +1 212 656 1367<br>*E-MAIL:* ssussman@duanemorris.com<br><br>*www.duanemorris.com* | BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE*<br>*OF DUANE MORRIS*<br><br>MEXICO CITY<br>ALLIANCE WITH<br>MIRANDA & ESTAVILLO |

February 4, 2014

VIA ECF

Hon. Frederic Block
United Stated District Court Eastern
District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>The Wornick Company v. Trans-Packer Services Corporation (11-cv-03008 (FB)(CLP))</u>

Dear Judge Block:

      We represent Defendant/Third-Party Plaintiff Trans-Packer Services Corp., sued herein as Trans-Packers Services Corporation ("Trans-Packers"), in the above-referenced matter. We write this letter pursuant to Your Honor's Individual Rules to request a pre-motion conference. Trans-Packers proposes to amend its third-party complaint, filed in or around June 2013, to allege one additional claim against Third-Party Defendant Franklin Farms East, Inc. ("Franklin") for breach of express warranty.

      This litigation stems from a worldwide recall of a product known as non-fat dry milk ("NFDM") in June 2009 after products blended with NFDM tested positive for *salmonella*. The NFDM was manufactured by Plainview Milk Products Cooperative and was distributed by Franklin to Trans-Packers. Trans-Packers, in turn, incorporated the NFDM it purchased from Franklin into a dehydrated powdered product it manufactured ("Dairy Shake Blend") for sale directly to the U.S. Military and to assembler customers, such as plaintiff, The Wornick Company ("Wornick"). The assemblers packaged the Dairy Shake Blend with other products to form products called Meals Ready to Eat ("MRE") packages sold primarily to the U.S. Government.

      As a result of the aforesaid worldwide recall, various lawsuits were filed between and among the parties in the chain of NFDM distributorship, including this action. The current third-party complaint alleges five causes of action against Franklin for (i) indemnification; (ii) strict

DuaneMorris

Hon. Frederic Block
February 4, 2014
Page 2

liability in tort; (iii) violating the New Jersey Product Liability Act; (iv) breach of an implied warranty of merchantability; and (v) breach of implied warranty of fitness for a particular purpose. As above noted, Trans-Packers proposes to amend its complaint to add a claim for breach of express warranty. Such amendment is precipitated by the fact that a further review of documents and files revealed that Franklin, by itself and through its authorized agents, expressly certified to Trans-Packers that each lot of NFDM Trans-Packers purchased from Franklin was *salmonella* negative.

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) (quoting Fed.R.Civ.P. 15(a)). The grant or denial of leave to amend is committed to the discretion of the district court. *Guzman v. Bevona*, 90 F.3d 641, 649 (2d Cir. 1996). However, "[p]arties are generally allowed to amend their pleadings absent bad faith or prejudice." *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000). "Outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

Here, Trans-Packers' good faith amendment of its pleading would cause no prejudice to Franklin. This litigation is still in its initial stages. Although filed in 2010, this action has essentially been on hold during the pendency of a related action pending in the Supreme Court, New York County, *American Zurich Insurance Co. v. Trans-Packers Services Corp.*, Index No. 107163/10), where there has been extensive motion practice regarding insurance coverage. As above noted, the original Third-Party Complaint was filed in June 2013. Moreover, no depositions have taken place in this action or in the aforesaid New York State Action.

Respectfully submitted,

Stephen Sussman

cc:   *All counsel of record (via email)*

Hon. Frederic Block
February 4, 2014
Page 3

DuaneMorris

### CERTIFICATE OF SERVICE

On the 4th day of February 2014, I caused a copy of the foregoing to be served on all counsel in this action via the Court's electronic filing system, with a courtesy copy sent by email to the addresses provided for same.

/s/ *Stephen Sussman*
Stephen Sussman