McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490
*Attorneys for Third-Party Defendant,*
*Franklin Farms East, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
THE WORNICK COMPANY,

        Plaintiff,

v.

TRANS-PACKERS SERVICE CORPORATION,

        Defendant
---------------------------------------------------------------x
TRANS-PACKERS SERVICES CORP.,

        Third-Party Plaintiff,

v.

FRANKLIN FARMS EAST, INC.,

        Third-Party Defendant,
---------------------------------------------------------------x

Civil Action No. 1:11-cv-03008(FB)(CLP)

**ANSWER TO AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Third-Party Defendant, Franklin Farms East, Inc. ("Franklin Farms"), by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for its Answer to the Amended Third-Party Complaint, states as follows:

## PARTIES

1.    Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 1 of the Amended Third-Party Complaint.

2.    Franklin Farms admits that it is a New Jersey Corporation and that its principal place of business is located in New Jersey.

## JURISDICTION AND VENUE

3. Franklin Farms admits that this Court has subject matter jurisdiction over this Third-Party Action.

4. Franklin Farms admits that it conducts business in New York.

5. Franklin Farms admits that this Court is a proper venue.

## FACTS

6. Franklin Farms admits the allegations set forth in Paragraph 6 of the Amended Third-Party Complaint.

7. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 7 of the Amended Third-Party Complaint.

8. Franklin Farms denies the allegations set forth in Paragraph 8 of the Amended Third-Party Complaint.

9. Franklin Farms denies the allegations set forth in Paragraph 9 of the Amended Third-Party Complaint.

10. Franklin Farms denies the allegations set forth in Paragraph 10 of the Amended Third-Party Complaint.

11. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 11 of the Amended Third-Party Complaint.

12. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 12 of the Amended Third-Party Complaint.

13. Franklin Farms admits the allegations set forth in Paragraph 13 of the Amended Third-Party Complaint.

14. Franklin Farms admits the allegations set forth in Paragraph 14 of the Amended Third-Party Complaint.

15. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 15 of the Amended Third-Party Complaint.

16. Franklin Farms admits the allegations set forth in Paragraph 16 of the Amended Third-Party Complaint.

17. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 17 of the Amended Third-Party Complaint.

18. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 18 of the Amended Third-Party Complaint.

19. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 19 of the Amended Third-Party Complaint.

20. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 20 of the Amended Third-Party Complaint.

21. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 21 of the Amended Third-Party Complaint.

22. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 22 of the Amended Third-Party Complaint.

23. Franklin Farms denies the allegations set forth in Paragraph 23 of the Amended Third-Party Complaint.

24. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 24 of the Amended Third-Party Complaint.

25. Franklin Farms denies the allegations set forth in Paragraph 25 of the Amended Third-Party Complaint.

26. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 26 of the Amended Third-Party Complaint.

27. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Third-Party Complaint.

28. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 28 of the Amended Third-Party Complaint.

29. Franklin Farms denies the allegations set forth in Paragraph 29 of the Amended Third-Party Complaint.

30. Franklin Farms denies the allegations set forth in Paragraph 30 of the Amended Third-Party Complaint.

31. Franklin Farms denies the allegations set forth in Paragraph 31 of the Amended Third-Party Complaint.

32. Franklin Farms denies the allegations set forth in Paragraph 32 of the Amended Third-Party Complaint.

## COUNT I- INDEMNIFICATION

33. Franklin Farms repeats and realleges its responses to the previous allegations as if set forth fully and at length herein.

34. Franklin Farms denies the allegations set forth in Paragraph 34 of the Amended Third-Party Complaint.

## COUNT II- STRICT LIABILITY IN TORT

35. Franklin Farms repeats and realleges its responses to the previous allegations as if set forth fully and at length herein.

36. The allegations contained in this Paragraph of the Amended Third-Party Complaint are improper in that a conclusion of law is set forth rather than statement of fact and therefore no response is required. To the extent the allegations are directed at this Third-Party Defendant and a response is required, Franklin Farms denies the allegations set forth in Paragraph 36 of the Amended Third-Party Complaint.

37. The allegations contained in this Paragraph of the Amended Third-Party Complaint are improper in that a conclusion of law is set forth rather than statement of fact and therefore no response is required. To the extent the allegations are directed at this Third-Party Defendant and a response is required, Franklin Farms denies the allegations set forth in Paragraph 37 of the Amended Third-Party Complaint.

38. Franklin Farms denies the allegations set forth in Paragraph 38 of the Amended Third-Party Complaint.

39. Franklin Farms denies the allegations set forth in Paragraph 39 of the Amended Third-Party Complaint.

40. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 40 of the Amended Third-Party Complaint.

41. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 41 of the Amended Third-Party Complaint.

42. Franklin Farms denies the allegations set forth in Paragraph 42 of the Amended Third-Party Complaint.

43. Franklin Farms denies the allegations set forth in Paragraph 43 of the Amended Third-Party Complaint.

### COUNT III- NEW JERSEY PRODUCTS LIABILITY ACT

44. Franklin Farms repeats and realleges its responses to the previous allegations as if set forth fully and at length herein.

45. Franklin Farms denies the allegations set forth in Paragraph 45 of the Amended Third-Party Complaint.

46. Franklin Farms denies the allegations set forth in Paragraph 46 of the Amended Third-Party Complaint.

47. The allegations contained in this Paragraph of the Amended Third-Party Complaint are improper in that a conclusion of law is set forth rather than statement of fact and therefore no response is required. To the extent the allegations are directed at this Third-Party Defendant and a response is required, Franklin Farms denies the allegations set forth in Paragraph 47 of the Amended Third-Party Complaint.

48. Franklin Farms denies the allegations set forth in Paragraph 48 of the Amended Third-Party Complaint.

49. Franklin Farms denies the allegations set forth in Paragraph 49 of the Amended Third-Party Complaint.

50. Franklin Farms denies the allegations set forth in Paragraph 50 of the Amended Third-Party Complaint.

### COUNT IV- BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

51. Franklin Farms repeats and realleges its responses to the previous allegations as if set forth fully and at length herein.

52. The allegations contained in this Paragraph of the Amended Third-Party Complaint are improper in that a conclusion of law is set forth rather than statement of fact and therefore no response is required. To the extent the allegations are directed at this Third-Party Defendant and a response is required, Franklin Farms denies the allegations set forth in Paragraph 52 of the Amended Third-Party Complaint.

53. Franklin Farms denies the allegations set forth in Paragraph 53 of the Amended Third-Party Complaint.

54. The allegations contained in this Paragraph of the Amended Third-Party Complaint are improper in that a conclusion of law is set forth rather than statement of fact and therefore no response is required. To the extent the allegations are directed at this Third-Party Defendant and a response is required, Franklin Farms denies the allegations set forth in Paragraph 54 of the Amended Third-Party Complaint.

55. Franklin Farms denies the allegations set forth in Paragraph 55 of the Amended Third-Party Complaint.

56. Franklin Farms denies the allegations set forth in Paragraph 56 of the Amended Third-Party Complaint.

57. Franklin Farms denies the allegations set forth in Paragraph 57 of the Amended Third-Party Complaint.

### COUNT V- BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FRANKLIN

58. Franklin Farms repeats and realleges its responses to the previous allegations as if set forth fully and at length herein.

59. Franklin Farms denies the allegations set forth in Paragraph 59 of the Amended Third-Party Complaint.

60. Franklin Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 60 of the Amended Third-Party Complaint.

61. The allegations contained in this Paragraph of the Amended Third-Party Complaint are improper in that a conclusion of law is set forth rather than statement of fact and therefore no response is required. To the extent the allegations are directed at this Third-Party Defendant and a response is required, Franklin Farms denies the allegations set forth in Paragraph 61 of the Amended Third-Party Complaint.

62. Franklin Farms denies the allegations set forth in Paragraph 62 of the Amended Third-Party Complaint.

63. Franklin Farms denies the allegations set forth in Paragraph 63 of the Amended Third-Party Complaint.

64. Franklin Farms denies the allegations set forth in Paragraph 64 of the Amended Third-Party Complaint.

## COUNT VI- BREACH OF EXPRESS WARRANTY

65. Franklin Farms repeats and realleges its responses to the previous allegations as if set forth fully and at length herein.

66. Franklin Farms denies the allegations set forth in Paragraph 66 of the Amended Third-Party Complaint.

67. Franklin Farms denies the allegations set forth in Paragraph 67 of the Amended Third-Party Complaint.

68. Franklin Farms denies the allegations set forth in Paragraph 68 of the Amended Third-Party Complaint.

69. Franklin Farms denies the allegations set forth in Paragraph 69 of the Amended Third-Party Complaint.

**WHEREFORE**, Franklin Farms demands the dismissal with prejudice of Third-Party Plaintiff's Amended Complaint, along with reasonable attorneys' fees, costs of suit, interest, and any other relief the court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of offset.

## SEVENTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of Third-Party Plaintiff's ratification, adoption, authorization and/or acquiescence in the actions and/or omissions complained of.

## EIGHTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue that this Third-Party Defendant's conduct was reasonable and made in good faith, and was not made in bad faith or in willful violation of any governing law.

## NINTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims against this Third-Party Defendant must be dismissed for failure to comply with the applicable statute of limitations as to each cause of action pleaded in the Amended Third-Party Complaint.

## TENTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded because neither Plaintiff, The Wornick Company ("Plaintiff"), nor Third-Party Plaintiff suffered any compensable losses.

## ELEVENTH AFFIRMATIVE DEFENSE

Both Plaintiff's and Third-Party Plaintiff's claims must be dismissed because no damages were sustained as a result of any action or inaction by this Third-Party Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is not entitled to an award of counsel fees and costs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of this Third-Party Defendant were in any way the proximate cause of the injuries allegedly sustained by Third-Party Plaintiff. Rather, any alleged injuries sustained by Third-Party Plaintiff are as a direct result of other parties, namely Plainview, over which this Third-Party Defendant exercised no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Third-Party Defendant neither knew, nor should have known that any actions or inactions with respect to Third-Party Plaintiff were in violation of Third-Party Plaintiff's rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

While denying all of the allegations of the Amended Third-Party Complaint regarding liability and damages allegedly sustained by Third-Party Plaintiff, to the extent that Third-Party Plaintiff may be able to prove any such damages, they were proximately caused by intervening and/or superseding acts and/or faults of Third-Party Plaintiff and/or third persons, namely Plainview, over whom this Third-Party Defendant had no control and for whose actions this Third-Party Defendants is not liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

While denying all of the allegations of the Amended Third-Party Complaint regarding liability and damages allegedly sustained by Third-Party Plaintiff, to the extent that Third-Party Plaintiff may be able to prove any such damages, the claims are barred by virtue of Third-Party Plaintiff's conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant cannot be liable for any prejudgment or post-judgment interest on any claimed damages not yet incurred by Third-Party Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant reserves the right to seek an award of counsel fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## NINETEENTH AFFIRMATIVE DEFENSE

Both Plaintiff's and Third-Party Plaintiff's claims are barred or limited for failure to mitigate damages and for failure to pursue legal defenses available to each under respective contracts with the Defense Logistics Agency and/or the Defense Supply Center of Philadelphia.

## TWENTIETH AFFIRMATIVE DEFENSE

This Third-Party Defendant breached no duty owed to the Third-Party Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any damages claimed by the Third-Party Plaintiff, said damages being specifically denied by this Third-Party Defendant, were caused by the culpable conduct of the Third-Party Plaintiff, including contributory negligence and assumption of the risk, and not by any culpable conduct or negligence on the part of this Third-Party Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any and all risks, hazards, defects, or dangers alleged were open, obvious, and apparent, natural and inherent and known, or should have been known to the Third-Party Plaintiff, and the Third-Party Plaintiff voluntarily assumed all such risks, hazards, defects, and dangers.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The incident and injuries complained of were caused by the unauthorized, unintended and/or improper use of the products, equipment and/or materials referenced in the Amended Third-Party Complaint by the Third-Party Plaintiff, other parties, namely Plainview, and/or others over which this Third-Party Defendant exercised no control.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Third-Party Defendant had no actual or constructive notice of the acts or occurrences alleged in the Amended Third-Party Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

All damages complained of by Amended Third-Party Plaintiff pre-existed the alleged occurrences, said occurrences being specifically denied.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff failed to notify Franklin Farms of the breach of any implied or express warranty as required by New York Uniform Commercial Code U.C.C. §2-607(3)(a).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The comparative fault of Third-Party Plaintiff bars this action and/or diminishes the liability of this Third-Party Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is barred from recovery against this Third-Party Defendant because there is no direct connection between the alleged misconduct, if any, of this defendant and the alleged damages to Third-Party Plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred due to unavoidable circumstances.

### THIRTIETH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims pleaded pursuant to the New Jersey Product Liability Act are barred and subject to dismissal because the only damage sustained by Third-Party Plaintiff was to the product itself.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This Third-Party Defendant reserves the right to supplement these affirmative defenses up to and including the time of trial.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims must be dismissed against Franklin Farms by reason of settlement and/or release.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims must be dismissed pursuant to FRCP 19.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Franklin Farms will rely upon the rights and defenses accorded to it under the terms and provisions of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et seq., which rights and defenses bar Third-Party Plaintiff's Complaint in whole or in part.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Franklin Farms did not design or manufacture the NFDM that Third-Party Plaintiff contends was defective and Franklin Farms is not legally responsible for any defect in the product described in the Amended Third-Party Plaintiff's Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred pursuant to the doctrines of Res Judicata and Collateral Estoppel.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred pursuant to the doctrine of avoidable consequences.

## JURY DEMAND

This Third-Party Defendant demands a trial by jury.

Dated: April 29, 2014
New York, New York

By: /s/ Michael J. Marone
Michael J. Marone, Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
*Attorneys for Third-Party Defendant,*
*Franklin Farms East, Inc.*

Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490