UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE WORNICK COMPANY,

                      Plaintiff,

- against -

TRANS-PACKERS SERVICES CORPORATION,

                      Defendant.
-------------------------------------------------------------X
TRANS-PACKERS SERVICES CORPORATION,

                      Third-Party Plaintiff,

- against -

FRANKLIN FARMS EAST, INC.,

                      Third-Party Defendant.
-------------------------------------------------------------X

**ORDER**

11 CV 3008 (FB)

On June 22, 2011, The Wornick Company ("Wornick" or "plaintiff") filed a Complaint against Trans-Packers Services Corporation ("Trans-Packers," "defendant," or "third-party plaintiff"), alleging breach of contract claims. On June 21, 2013, Trans-Packers filed a third-party Complaint against Franklin Farms East, Inc. ("Franklin Farms" or "third-party defendant") for indemnification, breach of contract, and New Jersey state law claims. Before the Court is a dispute regarding Trans-Packers' proposed confidentiality order and designation of an expert report as "Attorneys' Eyes Only."

## DISCUSSION

I. <u>Language of Confidentiality Order</u>

   A. <u>Attorneys' Eyes Only Documents</u>

The parties first disagree about the language contained in their confidentiality order. Specifically, Franklin Farms wishes to alter the language in paragraph 7, which currently states that material marked as "Attorneys' Eyes Only" be disclosed <u>only</u> to outside counsel for the receiving party. (4/22 Let.[1] at 1). Franklin Farms seeks to add language that would allow in-house counsel, outside experts and consultants to also view such material provided that they sign a non-disclosure form. In its letter in support of the requested language, Franklin Farms argues that this language was necessary for its outside experts and consultants to properly evaluate discovery.

On April 30, 2014, Trans-Packers responded that it consents to Franklin Farms' proposed language allowing outside counsel and experts to review the documents that are marked "Attorneys' Eyes Only." (Trans-Packers 4/30 Let.[2] at 1). However, Trans-Packers does not consent to the proposed language allowing in-house counsel to review "Attorneys' Eyes Only" materials, citing the fact that this would mean that a party to the litigation would see "highly sensitive, trade secret information." (<u>Id.</u> at 2). Wornick has advised the Court that it is amenable to either party's version of the disputed language. (Wornick 4/30 Let.[3] at 1).

---

[1] Citations to "4/22 Let." refer to Franklin Farms' letter motion, dated April 22, 2014.

[2] Citations to "Trans-Packers 4/30 Let." refer to Trans-Packers' letter in support of their confidentiality order, dated April 30, 2014.

[3] Citations to "Wornick 4/30 Let." refer to plaintiff Wornick's letter to the Court regarding the discovery confidentiality order, dated April 30, 2014.

Since the parties agree to the proposed language that would allow outside counsel and experts to review the documents as long as they execute a non-disclosure form, the Court Orders that this modification be included in the confidentiality order. Additionally, in-house counsel should also be permitted to view "Attorneys' Eyes Only" documents. As the phrase suggests, all attorneys are officers of the court and thus obligated to protect the confidentiality of these documents. Thus, in-house counsel, who will be required to sign the non-disclosure form, are under a court order not to share information in the documents with others in the company. Absent further specific concerns from Trans-Packers about why in-house counsel should be treated differently from outside counsel, Trans-Packers is Ordered to provide the documents to in-house counsel as well.

B. <u>Time Period to Claim Privilege</u>

In paragraph 12, the confidentiality order provides that "inadvertent or mistaken disclosure" of a document protected by privilege or work-product immunity "shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity." The paragraph qualifies this provision by stating that the parties do not intend to "restrict[] the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure." Wornick requests that "inadvertent or mistaken" be removed, such that any disclosure falls within the time period to claim privilege or work-product immunity. (Wornick Let. at 1). Additionally, Wornick seeks to change the time period for challenging a document's privilege or immunity from within "a reasonable time" to within "21 days." As Franklin Farms and Trans-Packers have not objected to Wornick's proposed additional language in paragraph 12, the Court

Orders the parties to include this proposed modification to paragraph 12.

II.   Expert Report

Franklin Farms also disputes the redaction of one of Trans-Packers' expert reports. The report was prepared by Joseph Nelson, CPA, who Trans-Packers has identified as their expert on the issue of alleged past and future economic losses. (4/22 Let. at 1). Franklin Farms argues that Trans-Packers should not be permitted to redact Appendix G, which is cited in the body of the expert's report and is used to support a portion of Mr. Nelson's opinion. (Id.) Franklin Farms represents that there are also other pages in the expert report that Trans-Packers has refused to disclose.

In response, Trans-Packers agrees to produce the report in unredacted form.[4] (Trans-Packers 4/30 Let. at 2). Accordingly, the dispute is resolved.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 12, 2014

/s/ CHERYL POLLAK
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[4] Redaction of sections of an expert report which form the basis of the expert's opinion are generally not appropriate. See Fed. R. Civ. P. 26(a)(2)(B) (including an expert report as a required disclosure, and stating that it must include "a complete statement of all opinions the witness will express and the basis and reasons for them").